McFarland, J.,
delivered tbe opinion of the court.
On the twentieth of March, 1873, Wm. H. Wright executed and delivered to J. W. Moody a writing, as follows: “I,William H. 'Wright, do this day sign and give to Jno. W. Moody, a lien on the following property to secure him in the staying' of a certain judgment on Peter Elliot’s book, in favor of Torrance & Son.” The property is then specified, two mules and a wagon and harness, and concludes: “When the above judgment is satisfied by W. Ii. Wright, this lien is null and void, but to- be in force until it is satisfied.” This paper was afterwards registered, but the registration was without legal effect, as it was not properly proven.
Wright died about the first of August, 1873', and in a day or two afterwards Moody presented the above paper to his widow, and claimed the mules and wagon; and Mrs, Wright, admitting the genuineness of her husband’s signature,, and believing that Moody ivas entitled to the property, surrendered one mule and the wagon, but by consent she retained the other mule. Very soon after-wards she brought this action of replevin and recovered back the property.
*634 Moody moved for a new trial, and appealed in error from the judgment against him. Moody proved upon the trial that he had paid $400 of the judgment referred to in the above writings.
The only disputed question of fact wfis, whether Wright at the time of his death owned any other horse or mule than the two mentioned; for the plaintiff it was proven that he did not, but the defendant’s proof tended to show that he was besides the owner of a gray horse; the circuit judge held this immaterial, that the plaintiff could recover in neither event.
1. We are of opinion that under the writing above set forth, Moody was not entitled to the property itself or the possession, either as against Wright or his representatives, though he may have been entitled to a lien upon the property to secure him from loss on account of his suretyship for Wright. This lien, if valid, would be enforceable in equity. But we decide nothing in regard to this.
But, second, it is maintained that if Moody was not entitled to the property, still Mrs. Wright could not maintain the action to recover it; was vested in her under the exemption laws, and to make out this it should appear that there was only two mules; that if there was another horse the administrator was the proper person to sue, as it could not be known which two vested in the widow. In Staggs v. Ferguson, 4 Heis., 690, it was held that the administrator might sue and recover for all property converted by the defendant previously, although they included articles which, when set apart to her, would belong to the widow; but it does not follow from this, that the widow-might not sue and recover for such articles as under the exemption laws might belong to her. As such articles vest in her by operation of law, if they can be identified and separated from the others, and the bringing of an action by her for the property without objection by the adminis *635 trator might amount to selection of this property. But besides, as we understand it, this property was taken, and this action was brought by the widow before the appointment of an administrator. The widow was entitled to the possession as against the defendant until the appointment of an administrator. Code, 2284 [Shannon’s Code, sec. 4019]. And her action for possession being rightfully brought would not be defeated by the subsequent appointment of an administrator. It might be different in an action for conversion.
It is next objected that the action cannot be maintained because Mrs. Wright surrendered the property willingly, and brought the action without demanding that the property be restored.
It is well settled that when a party places another in possession of property by contract or agreement for an indefinite time, he cannot maintain an action for the conversion of the property without making demand for its return; for, until this, the possession of the defendant is not ‘wrongful. But in this case, Mrs. Wright surrendered the property in obedience to a demand made by the defendant, which she believed to be legal, but which was not. Besides, it is not certain that an action of replevin stands upon the same footing in this respect as trover; the one is for conversion, the other is to recover the possession to which the plaintiff is entitled, and which the defendant wrongfully withholds.
In this case the defendant wrongfully demanded and took the property from the plaintiff, and her yielding to his demand at the time did not deprive her of her right of possession, and under these circumstances, a demand for return of the property was unnecessary.
Affirm the judgment.